IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 95-CR-152-TCK |
| | ) | |
| PETER ANTHONY GUTIERREZ, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On April 25, 2005, Defendant filed a motion for order "granting relief from judgment under Federal Rules of Civil Procedure, 60(b)(6)" (Dkt. # 43). A review of the Court's docket for this case reveals the following: on September 13, 1996, Defendant was sentenced, upon entry of his plea of guilty, to a total term of 235 months imprisonment, 120 months on Count 1, Possession of a Firearm After Former Conviction of a Felony, and 115 months on Count 2, Possession of Stolen Firearms. Counts 3 and 4 were dismissed at sentencing. Judgment (Dkt. # 15) was entered September 18, 1996. Defendant appealed. By Order filed July 8, 1997 (Dkt. # 21), the Tenth Circuit Court of Appeals found the appeal "wholly frivolous" and affirmed Defendant's sentence. Defendant filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence (Dkt. # 22). This Court denied Defendant's § 2255 motion on July 29, 2002 (Dkt. # 27). Defendant appealed and by Order filed January 30, 2003 (Dkt. # 41), the Tenth Circuit denied a certificate of appealability and dismissed the appeal.

In his Rule 60(b) motion, Defendant argues that his sentence is unlawful under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Upon review of the Rule 60(b) motion, the Court finds that the motion asserts a substantive claim and constitutes a second or successive habeas corpus petition under the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"). See Gonzalez v. Crosby, 545 U.S. 524 (2005) (finding that a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition"); see also Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996) (stating that "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions"). As a result, this Court lacks jurisdiction to consider the claim. United States v. Gallegos, 142 F.3d 1211, 1212 (10th Cir. 1998). Defendant is required to comply with the AEDPA's relevant provisions and must obtain prior authorization from the Tenth Circuit Court of Appeals before filing a second or successive § 2255 motion in this district court. 28 U.S.C. § 2244(b).

When a defendant fails to comply with § 2244(b)'s gatekeeping requirement, the District Court should transfer the second or successive 2255 motion to the Court of Appeals in the interest of justice pursuant to 28 U.S.C. § 1631. See Coleman v. United States, 106 F.3d 339 (10th Cir. 1997). Therefore, in the interest of justice and pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A), the Court finds that Defendant's motion for order "granting relief from judgment under Federal Rules of Civil Procedure, 60(b)(6)," construed as a second or successive § 2255 motion, shall be transferred to the Tenth Circuit Court of Appeals for authorization.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for order "granting relief from judgment under Federal Rules of Civil Procedure, 60(b)(6)" (Dkt. # 43), construed as a second or successive § 2255 motion, is **transferred** to the Tenth Circuit Court of Appeals for authorization.

DATED THIS 9 day of July, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE

2