IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 95-CR-0152-001-TCK |
| v. ) | |
| ) | USM Number: 07647-062 |
| PETER ANTHONY GUTIERREZ, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant's motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 75). Defendant requests reduction of sentence pursuant to § 3582(c) and retroactive Amendment 742.[1] Defendant further requests that the Court consider several mitigating circumstances under 18 U.S.C. § 3553(a) in its determination that a sentence reduction to an imprisonment term of 210 months is reasonable.

Defendant pleaded guilty to Counts One and Two of a Superseding Indictment. Count One charged possession of a firearm after former conviction of a felony, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Count Two charged possession of stolen firearms, in violation of 18 U.S.C. § 922(j) and 922(a)(2). At the original sentencing, the Court imposed a sentence of 235 months; 120 months as to Count One and 115 months as to Count Two, said terms to run consecutively, each to the other, for a total sentence of 235 months. This sentence was based on the Court's finding of a

---

[1] In his motion Defendant incorrectly cites Amendment 5 as the amendment authorizing modification of sentence. The amendment addressing USSG § 4A1.1(e) is Amendment 742. See Guidelines Manual, Supplement to Appendix C, November 1, 2004, through November 1, 2010, pp. 354-356.

total offense level 34 and criminal history category V, for a sentencing range of 235 to 240 months. In reaching this guideline range, the Court found that two additional criminal history points applied pursuant to USSG § 4A1.1(e), for a total of 11 criminal history points and a criminal history category of V. Defendant requests that he be resentenced, arguing Amendment 742 eliminated the enhancement under § 4A1.1(e), thereby reducing his criminal history category from a V to a category IV, resulting in an amended guideline sentencing range of 210 to 262 months.

Amendment 742 revised USSG § 4A1.1 to eliminate the "recency" points in subsection (e) of § 4A1.1 (Criminal History Category). Defendant did in fact receive a two-level enhancement under § 4A1.1(e), raising his criminal history category from a IV to a category V. See PSR, ¶¶ 33, 47. However, a guideline amendment is applied retroactively only when it has been specifically listed among the retroactive amendments identified in USSG § 1B1.10(c). Amendment 742 became effective on November 1, 2010, but it is not listed as one of the covered amendments in USSG Manual § 1B1.10(c). Because Amendment 742 is not listed in § 1B1.10(c), it is not retroactive and therefore the Court is without authority to modify a sentence based on Amendment 742 and § 3582(c)(2). See United States v. Torres–Aquino, 334 F.3d 939, 940–41 (10th Cir.2003) (holding reduction of sentence under § 3582(c)(2) based on amendment not listed in § 1B1.10(c) is not authorized). See also United States v. Jones, No. 4:98-CR-89, 2010 WL 5057089, *2 (W.D.N.C. Dec. 6, 2010) (held the "recency" amendment is not retroactive); United States v. Boone, No. 3:08-CR-026, 2010 WL 4853289, *1-2 (E.D.Va. Nov. 23, 2010) (same); United States v. Alonso, No. 3:09-CR-031-L, 2010 WL 4609855, *2 (N.D.Tex. Nov. 15, 2010) (same).

**IT IS THEREFORE ORDERED** that Defendant's motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 75) is **dismissed for lack of jurisdiction**.

**DATED** this 6th day of July, 2011.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE