**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 95-CR-0152-001-TCK** |
| **v.** | ) | |
| | ) | **USM Number: 07647-062** |
| **PETER ANTHONY GUTIERREZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion to modify fine (Doc. 89). Claiming a financial hardship, defendant requests that the Court order suspension of fine payments until his release from imprisonment. Defendant further contends that the Bureau of Prisons has exceeded its authority by establishing a payment schedule to satisfy the fine, arguing that if payment is ordered on an installment basis, only the Court may determine the amount and time period over which payments can be made.

In September 1996 defendant was sentenced to an aggregate term of 235 months in the custody of the Bureau of Prisons following his guilty plea to the crimes of possession of a firearm after former conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j), 924(a)(2). The Court ordered defendant to pay a $17,500 fine. The judgement further set out that ". . . [the] fine shall be paid immediately. Any amount not paid immediately shall be paid while in the custody through the Federal Bureau of Prisons' Inmate Financial Responsibility Program. Upon release from custody, any unpaid balance shall be paid during the term of supervised release." See Doc. 15, at 4.

Defendant, a participant in the Inmate Financial Responsibility Program (IFRP), claims that insufficient income and need for basic necessities impede his ability to make the $25 monthly payment dictated by the Bureau of Prisons (BOP).[1] Defendant argues this reduced income presents a financial hardship, prompting his request that the Court suspend any payments until his release from imprisonment in or about March 2015.

The Court has the authority to adjust a fine payment under the limited circumstances set forth in 18 U.S.C. § 3573(2), which provides:

> Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice – (2) defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule . . .

It is clear that § 3573, amended pursuant to the Criminal Fine Improvements Act of 1987, effective December 11, 1987, provides that only the government may file a petition seeking to defer a defendant's fine. See United States v. Linker, 920 F.2d 1, 2 (7th Cir.1990); United States v. Gonzalez, 248 F.3d 1128 (1st Cir. 2000) (district court lacked jurisdiction to act on defendant's post-conviction request to remit fine). Even though defendant moves for deferment of fine payment due to inability to pay, the Court, absent a motion from the United States, does not have authority to consider such motion.

In his motion, defendant argues the Court erred by delegating to the U.S. Bureau of Prisons' IFRP authority to establish the amount and timing of the fine payment. Defendant claims the Court-

---

[1] Defendant's financial problems are at least partly self-induced, as he recently completed a one-year disciplinary job restriction that limited his income. During a portion of this disciplinary term the BOP suspended his fine payments so he could fund his commissary account to the minimum $420 balance as required under Bureau policy. Defendant recently gained more lucrative employment and has agreed to enter into a new IFRP contract starting in June 2012.

2

ordered payment schedule improperly affords the Bureau of Prisons discretion to establish payment amounts. Defendant is correct. When a district court provides that a criminal fine is to be paid in installments, 18 U.S.C. § 3572 requires the court to specify the payment amount and period of time over which the payments must be made. See § 3572(d)(1) and (2). The court may not delegate this function. See United States v. Miller, 77 F.3d 71, 78 (4th Cir.1996) (holding that the district court may not delegate the payment schedule for a criminal fine); see also United States v. Overholt, 307 F.3d 1231, 1255 (10th Cir.2002) (holding that the district court may not delegate creation of a restitution payment schedule). Further, subsequent to defendant's sentencing, this district revised its fine and restitution payment schedule pursuant to United States v. Boyd, 608 F.3d 331, 335 (7th Cir. 2010), which found that the IFRP is a voluntary program and that a district court does not have the authority to order a defendant's participation. The judgment is further modified to make clear that the payment schedule does not require participation in the IFRP.

**IT IS THEREFORE ORDERED** that defendant's motion to modify fine (Doc. 89) is **granted in part** and **denied in part**. The Court will, mindful of § 3553(a) factors and under authority of § 3572(d)(3), grant defendant's motion and modify the fine payment order to establish a sum and time certain monthly payment schedule and make clear that participation in the IFRP is voluntary. Defendant's request to suspend payment on the fine until his release from imprisonment is denied.

The judgment payment schedule is modified, to wit:

> Any monetary penalty is due in full immediately, but payable on a schedule of the greater of $25 quarterly or 50% of income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this program. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of $50 or 10% of net income (take home pay), whichever is

greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.


**IT IS SO ORDERED** this 24th day of May, 2012.



**TERENCE KERN**
**United States District Judge**

4